**TOSHIKO INABA v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5953.

Albert H. Elliot and Guy C. Calden, both of San Francisco, Cal. (Raymond L. Frick, of San Francisco, Cal., of counsel), for appellant.

George J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. It was conceded on the hearing before the Board of Special Inquiry that the appellant is a native-born citizen of the United States and is entitled to admission, unless she lost her citizenship by reason of her marriage to an alien ineligible to citizenship. 8 USCA § 9. It is likewise conceded that the appellant married a Japanese ineligible to citizenship in Japan. The marriage was contracted in accordance with the laws of Japan, and of course the laws of that country are controlling. Ng Suey Hi v. Weedin (C. C. A.) 21 F.(2d) 801. Nor can there be any question that she lost her citizenship by reason of that marriage, under the express terms of the statute, unless the marriage was void in its inception or unless perhaps the marriage was voidable and was thereafter annulled.

But two objections to the validity of the marriage are suggested: First, the age of

the appellant at the time of the marriage; and, second, coercion on the part of relatives. The appellant was 18 years of age at the time of her marriage, and she testified that she thought the marriage age in Japan was 16. There was no other evidence on the question. The only evidence of coercion was the fact that her husband was selected for her by her relatives, according to Japanese custom, without consulting her and against her will. If such coercion will invalidate a marriage between Orientals, it is a matter of common knowledge that few, if any, of such marriages will result, or can result, in expatriation.

We are therefore of opinion that the Department was warranted in finding that the appellant lost her citizenship through marriage, and the order of the court below is affirmed.